# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 94 C 6343 | **DATE** | 8/3/2000 |
| **CASE TITLE** | Okoro vs. Randall Bohman | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached order, defendant's motion for summary judgment is denied (78-1). The case is set for status on 8/11/00 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

RALPHAEL OKORO, )
)
        Plaintiff, )
)
vs. ) Case No. 94 C 6343
)
AGENT RANDALL BOHMAN, et al., )
)
        Defendants. )

DOCKETED
AUG 0 4 2000

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Ralphael Okoro alleges that on August 19, 1993, two agents with the United States Drug Enforcement Administration, a commander and a sergeant with the Chicago Police Department, and a confidential informant searched his home incident to his arrest on suspicion of being a heroin dealer and took "six big chunks of raw precious stones with an estimated value of $96,000" and a wallet containing $200 in cash; the wallet was later returned empty. Through this action, brought pursuant to Federal Rule of Criminal Procedure 41(e), Okoro seeks the return of his property plus interest.

The federal defendants, DEA agents Daniel Dodds and Randall Bohman, have moved for summary judgment, and the other defendants, Commander William Callaghan and Sergeant Anthony DeLeonardis of the Chicago Police Department, and Jack Derive, orally joined in the motion. Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine if a reasonable trier of fact could find in

favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether there are genuine issues of material fact for trial, the Court is required to consider all evidence and draw all reasonable inferences in favor of Okoro, the non-moving party. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Before considering whether there are genuine issues of fact in this case, the Court must address defendants' argument that the Court lacks jurisdiction of Okoro's complaint. Defendants argue that Okoro may not proceed under Rule 41(e) because his property was *unlawfully* seized (whereas that rule covers only lawful seizures) and because he is proceeding against the defendants in their individual capacities (whereas Rule 41(e) supposedly applies solely to suits against the United States). *See* Reply brief, p. 3-4. The Court of Appeals has already rejected this argument; after recognizing that Okoro was proceeding under Rule 41(e) against the defendants as individuals, the court found that the district court was wrong to dismiss the case for lack of subject matter jurisdiction. *Okoro v. Bohman*, 164 F.3d 1059, 1061-62 (7th Cir. 1999). Defendants have offered nothing to justify disregarding this ruling. Accordingly, this Court rejects defendants' subject matter jurisdiction argument.

Turning to the legal standard set out above, the Court finds that the parties' summary judgment papers reveal at least two issues of fact that would preclude the entry of summary judgment. First, there is a genuine issue as to the existence of the precious stones Okoro alleges were stolen from his home. Defendants argue that Okoro litigated the issue of the existence of the stones at his criminal trial and lost, so he is therefore barred by the doctrine of issue preclusion from asserting this claim. Reply brief, p. 5. The trial transcripts defendants' submitted do not necessarily support this argument. At trial, Okoro's defense was that he intended to sell the undercover agent the precious stones, not drugs. And, in finding him guilty

2

of conspiracy and distribution of heroin, the jury necessarily rejected that defense. But it need not have concluded that the stones did not exist to reach that verdict; rather, the jury need only have concluded that Okoro's testimony concerning his view of the transaction was not credible. If Okoro's claim was based not on the mere existence of the stones but on the theory that he intended to sell stones, not drugs, the claim might be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Okoro*, 164 F.3d at 1061. But nothing in Okoro's complaint or in his response to defendants' summary judgment motion indicates that he is trying to undermine his conviction in this back-handed way.

Defendants also argue that Okoro's affidavit is not enough to create a genuine issue of fact as to the existence of the stones. They argue that to survive summary judgment, Okoro had to produce official forms proving that he actually imported the stones into the United States. *See* Reply brief, p. 8. But nothing in the rules or in the case law requires a particular form or document to defeat summary judgment. The law simply says that Okoro must support his contentions with "proper documentary evidence." *See Celotex Corp.*, 477 U.S. at 324. And the signed affidavit Okoro submitted constitutes such evidence. *See Courtney v. Biosound, Inc.*, 42 F.3d 414, 417 (7th Cir. 1994) (the non-moving party's own affidavit can constitute affirmative evidence to defeat summary judgment) (citing *Sarsha v. Sears, Roebuck & Co.*, 3 F.3d 1035, 1041 (7th Cir. 1993); *Wilson v. Williams*, 997 F.2d 348, 351 (7th Cir. 1993)). Defendants have argued that self-serving affidavits without factual support in the record will not defeat a motion for summary judgment, and there are certainly cases that on their surface seem to support this position. *See, e.g., Piscione v. Ernst & Young, LLP*, 171 F.3d 527, 532 (7th Cir. 1999); *Slowiak v. Land O'Lakes, Inc.*, 987 F.2d 1293, 1295 (7th Cir. 1993); *Darnell v. Target Stores*, 16 F.3d 174, 177 (7th Cir. 1994). But those cases all involved affidavits that contradicted the plaintiffs'

3

prior deposition testimony. Here, despite the long procedural history of this case, no record has yet been developed. Thus, the Court has no way of knowing whether the record will support or contradict Okoro's affidavit, and at this stage of the litigation, the benefit of the doubt goes to Okoro.

Moreover, putting aside the issue of the stones, the defendants have offered no evidence challenging the existence of the $200 in cash Okoro alleges defendants stole from his wallet. Defendants have not denied the existence of the $200; nor for that matter do they deny taking the money. All of these factual issues make the entry of summary judgment inappropriate.

For these reasons, defendants' motion for summary judgment [78-1] is denied. The case is set for status on August 11, 2000 at 9:30 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 3, 2000